IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**JAMES BLACKSHIRE,**
   **Plaintiff,**
vs.

**U.S. BANK NATIONAL**
**ASSOCIATION TRUSTEE FOR THE**
**POOLING AND SERVICING**
**AGREEMENT DATED AS OF**   Civil Action No. 3:13-CV-00079-N
**SEPTEMBER 1, 2005 WACHOVIA**
**MORTGAGE LOAN TRUST**
**MORTGAGE LOAN ASSETBACKED**
**CERTIFICATES, SERIES**
**2005-WMC1,**
   **Defendant.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The *pro se* Plaintiff originally filed this action in state court in November 2012, raising a claim of quiet title in connection with Defendant's attempt to foreclose on Plaintiff's home. (Doc. 1-3 at 4-5). Plaintiff also sought a temporary restraining order to prevent the foreclosure sale that he alleged was scheduled for December 2012. *Id.* Defendant removed the action to federal court and thereafter filed its *Motion to Dismiss* on January 14, 2013. (Docs. 1, 5). Plaintiff was required to file his response, if he opposed the dismissal of his case, by February 4, 2013, but he did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing 21-day deadline for filing responses to motions).

Due to Plaintiff's failure to respond to Defendant's *Motion to Dismiss*, this Court ordered Plaintiff to respond to the motion no later than February 26, 2013, if he was opposed to the dismissal of his case. The undersigned warned Plaintiff that, if he did not respond, he risked

dismissal of his case without further notice. (Doc. 7). The extended deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant's dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, however, the statute of limitations on Plaintiff's quiet title claim does not appear to expire until 2016. *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable). Thus, dismissal of this case without prejudice will not unfairly affect Plaintiff's legal interests. Accordingly, the District Court should dismiss this action against Defendant without prejudice for lack of prosecution and for failure to comply with a Court order.

**SO RECOMMENDED** on March 27, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE